## United States District Court

__NORTHERN__ DISTRICT OF __NEW YORK__

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 29 2009
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

UNITED STATES OF AMERICA

v.

JOHN ~~PUGILSI~~ PUGLISI

**CRIMINAL COMPLAINT**

Case Number: 3:09-MJ-31 (DEP)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In __January, 2009__ in __Broome and Tioga__ counties, in the Northern District of New York defendant did use a facility and means of interstate and foreign commerce, to wit, cellular telephones to knowingly persuade, induce, entice, and coerce, and attempted to do so, an individual who had not attained the age of eighteen years, to engage in sexual activity for which defendant can be charged with a criminal offense, to wit, rape and endangering the welfare of a minor.

in violation of Title __18__, United States Code, Section(s) __2422(b)__

I further state that I am a __Special Agent__ and that this complaint is based on the following facts:
Official Title

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:   ☒ YES   ☐ NO

_____
SA James T. Lyons, Jr.
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,

__January 29, 2009__                             at   __Syracuse, NY__
Date                                                     City and State

__HON. DAVID E. PEEBLES, U.S. Magistrate Judge__    _____
Name and Title of Judicial Officer                   Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

James T. Lyons, Jr., having been duly sworn, states as follows:

1. I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) since February 1997. I am currently assigned to the Albany Field Division, Binghamton, New York Resident Agency. I am also a member of the Southern Tier Cyber Predator Task Force which conducts cyber crime investigations to include the production, receipt, distribution, and possession of child pornography via computers and the internet. While assigned to the FBI office in Binghamton, New York, I have served as the Affiant in applications for search warrants and requests for interception of electronic and wire communications. I have also participated in a variety of investigations as an FBI Special Agent, to include matters involving the sexual exploitation of children.

2. This affidavit contains information for the limited purpose of establishing probable cause to arrest and charge John Puglisi, date of birth: ____ 1979, with knowingly persuading and attempting to persuade, induce, entice, and coerce a female minor under eighteen (18) years of age, whose identity is known to your

1

Affiant, to engage in sexual activity under such circumstances as would constitute a criminal offense under the New York State Penal Code prohibiting rape, attempted rape, and endangering the welfare of a child. All in violation of Title 18, United States Code, section 2422(b).

3. As this affidavit contains information for the limited purpose of establishing probable cause to arrest and charge Puglisi, it does not set forth complete facts of all known information in this investigation. The details listed within this document represent statements, observations, and factual information that have been obtained by members of the Southern Tier Cyber Predator Task Force, including the New York State Police, and disseminated to your Affiant.

4. In January 2009, investigators obtained information that Puglisi, a teacher at the Newark Valley High School located in Tioga County, New York, was involved in a sexual relationship with a minor female under the age of seventeen (hereafter "Victim"). Investigators learned that Puglisi purchased cellular telephones for the Victim so Puglisi could covertly communicate with the Victim.

5. On or about January 22, 2009, investigators identified that Puglisi utilized a cellular telephone assigned telephone

number 607-759-8302. Puglisi obtained a cellular telephone for the Victim which was assigned telephone number 607-972-9388. Both of these cellular telephones were serviced by Verizon Wireless and Verizon Wireless confirmed that both of these cellular telephones were subscribed to by Puglisi.

6. On or about January 23, 2009, an investigator interviewed the Victim who admitted, in words or substance, that the Victim engaged in sexual conduct with Puglisi. The Victim, who is less than seventeen years of age, also admitted that Puglisi provided her with a TracFone cellular telephone. However, Puglisi subsequently provided the Victim with a Verizon Wireless cellular telephone in which the telephone number started with "972". Investigators confirmed the Victim utilized a Verizon Wireless cellular telephone assigned telephone number 607-972-9388. The Victim maintained regular telephonic contact with Puglisi and sent text messages to Puglisi's cellular telephone (607-759-8302) from the Victim's cellular telephone (607-972-9388).

7. On or about January 26, 2009, investigators obtained a search warrant for Puglisi's Verizon Wireless Account which authorized the search for stored content and text messages in Puglisi's Verizon Wireless account for cellular telephones 607-

759-8302 (the cellular telephone utilized by Puglisi) and 607-972-9388 (the cellular telephone utilized by the Victim). Your Affiant reviewed a large quantity of text messages which were recovered from Puglisi's cellular telephone account. Review of these text messages confirmed Puglisi communicated with the victim via his cellular telephone and knowingly persuaded and attempted to persuade, entice, induce, and coerce the Victim to engage in sexually explicit conduct.

**TEXT MESSAGES RECOVERED FROM PUGLISI'S VERIZON WIRELESS ACCOUNT**

8.  On January 21, 2009, a text message was sent from Puglisi's cellular telephone to the Victim's cellular telephone which read "As you shoot pool you should think of me going down on you - maybe that will help you focus".

9.  On January 21, 2009, text messages were sent from Puglisi's cellular telephone to the Victim's cellular telephone which read "hey got a weird letter from Diane today about meeting I had...letter mentioned to stop out of school comm too including phone, text, e-mails, etc..." and "letter spooked me especially part that said end all out of school communication..they can't know anything but I don't get why that was in there" and "we are going to have to go top secret for awhile". Investigators confirmed that on January 20, 2009, Diane Arbes, Principal,

4

Newark Valley High School, drafted a letter to Puglisi which directed Puglisi to refrain from all out of school communications with the Victim including telephone conversations, text messages, e-mails, and face to face meetings. It is clear, based upon the text message above, that Puglisi disregarded the letter from Principal Diane Arbes.

10. On January 21, 2009, a text message was sent from Puglisi's cellular telephone to the Victim's cellular telephone which stated "hey I put a note in your lunch. Don't let anyone see it and look at it and then destroy it ok? I love you".

11. On January 19, 2009, a text message was sent from Puglisi's cellular telephone to the Victim's cellular telephone which stated "Don't worry baby soon enough you won't have to ever touch yourself because my hands, my mouth, and my dick are going to touch you every day".

12. On January 19, 2009, a text message was sent from Puglisi's cellular telephone to the Victim's cellular telephone which stated "Your pussy is tight and aching from the pounding it is getting".

13. On January 17, 2009, the Victim sent a text message to Puglisi's cellular telephone in which the Victim informed Puglisi that she purchased lingerie. Text messages were subsequently

sent from Puglisi's cellular telephone to the Victim's cellular telephone which stated:

"Ah hello....pictures and lots"

"Talk to me or send me ling pictures"

"Oh baby....you are killing me I am so glad you have a camera phone again"

"Naked photos please"

14. On January 18, 2009, text messages were sent from Puglisi's cellular telephone to the Victim's cellular telephone which stated:

"I miss you baby.. I just went through and looked at all the pictures you sent me... you spoil me... I love you".

"These are so hot give me some more baby"

"Give me something naughty baby"

"Oh baby...sweater no bra and touch yourself...I am imagining you in that sweater down on me looking up at me"

"I need a picture of the fuck me eyes"

    a. Based upon the nature of these communications, it is clear that Puglisi utilized his cellular telephone to knowingly persuade and attempt to induce, entice, and coerce the Victim to take sexually explicit pictures of herself and forward these pictures to Puglisi's cellular telephone.

15. On January 17, 2009, the Victim sent a text message to Puglisi's cellular telephone in which the Victim informed Puglisi that she purchased underwear. A text message was subsequently sent from Puglisi's cellular telephone to the Victim's cellular telephone in which Puglisi requested pictures of the Victim. The Victim responded with a text message of "maybe" and a text message was sent from Puglisi's cellular telephone which read "only a maybe...I got cigs...lotto tickets...a phone". The Victim responded with "Fine. Yes lol" and another text message was sent from Puglisi's cellular telephone which read "Ha Ha I win". Based upon these text messages, investigators believe Puglisi purchased cigarettes, lotto tickets, and a cellular telephone for the Victim and he attempted to entice and coerce the Victim to take photographs of herself in her underwear in exchange for the purchase of these items.

16. On January 16, 2009, a text message was sent from a cellular telephone utilized by the Victim to Puglisi's cellular telephone. In this message, the Victim requested Puglisi prepare a note to get the Victim released from school early. The Victim provided Puglisi with the Victim's parent's name and asked Puglisi to sign the note in the Victim's parent's name. A text message was subsequently sent from Puglisi's cellular telephone

7

to a cellular telephone utilized by the Victim which stated "I did it...it is on fridge under binder". The Victim subsequently admitted to investigators that Puglisi forged her parent's name to a school note which permitted the Victim to be released from school early.

17. On January 15, 2009, a text message was sent from Puglisi's cellular telephone to a cellular telephone utilized by the Victim which stated "hey Ms. Arbes is covering my 6th period study hall so don't come in ok? I have to work on regents in the planning room... I love you". Diane Arbes is the principal at the Newark Valley High School where Puglisi is employed as a teacher.

### ARREST OF PUGLISI AND SEIZURE OF CELLULAR TELEPHONE

18. On January 23, 2009, Puglisi was arrested by members of the New York State Police and Puglisi was charged with the New York State felony offense of Rape in the Third Degree. New York State Police Investigators also seized Puglisi's cellular telephone. Examination of Puglisi's cellular telephone revealed that Puglisi's cellular telephone was not manufactured in New York state.

### CONCLUSION

19. WHEREFORE, your Affiant submits that based upon all of

8

the information contained in this affidavit, there is probable cause to believe that John Puglisi committed violation of Title 18, United States Code, Section 2422(b) by using a cellular telephone to communicate with a minor and knowingly persuading and attempting to persuade, entice, induce, and coerce a female minor under eighteen (18) years of age, whose identity is known to your Affiant, to engage in sexual activity under such circumstances as would constitute a criminal offense under the New York State Penal Code prohibiting rape, attempted rape, and endangering the welfare of a child. Tioga County, New York is located within the Northern District of New York.

James T. Lyons, Jr.
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before
me this 29th day of January, 2009

DAVID E. PEEBLES
UNITED STATES MAGISTRATE JUDGE