IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    v.                                       Criminal Action No.
                                                 3:09-CR-75 (TJM)

JOHN PUGLISI,

        Defendant.

---

## DETENTION ORDER

On January 29, 2009, defendant made an initial appearance in this court on a criminal complaint [X] or indictment [ ].[1] On February 20, 2009, I held a detention hearing in accordance with 18 U.S.C. § 3142(f). At the conclusion of that hearing, I issued an oral order detaining defendant until trial, and indicated that a written decision would follow. This is that decision.

### Part I - Grounds for Detention Hearing

_X_ A. The Government requested the hearing; and
     B. The case involves:
  _X_  1. A crime of violence as defined in 18 U.S.C. § 3156(a)(4); or
  ___  2. An offense for which the maximum sentence is life imprisonment or death; or
  ___  3. An offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 *et seq.*); or
  ___  4. Any felony if defendant has been convicted of two or more offenses described in paragraphs 1 through 3 above, or two or more State or Local offenses that would have been offenses described in paragraphs 1 and 3 above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
  ___  5. Any felony that is not otherwise a crime of violence but that involves (1) a minor victim, (2) the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other

---

[1] Defendant initially appeared before District Judge Thomas J. McAvoy in connection with charges lodged by criminal complaint. Defendant has since been indicted on charges stemming from the same underlying conduct.

          dangerous weapon, or (3) a failure to register under section 2250 of title 18, United States Code; or

   _____A. Either
         _____1. The Government requested the hearing; or
         _____2. The Court *sua sponte* found the hearing necessary; and
     B. The case involves either:
         _____1. A serious risk that defendant will flee or
         _____2. A serious risk that defendant will obstruct justice, or threaten, injure or intimidate a prospective witness or juror.

## Part II - Description of Charge

The offense(s) charged was/were the following:

    Defendant is charged by indictment with the production of child pornography (Count 1), inducing a minor to engage in unlawful sexual conduct (Count 2), and possession of child pornography (Count 3), in violation of 18 U.S.C. §§ 2251(a), 2422(b), and 2252A (a)(5)(B), respectively.

## Part III - Pretrial Services Report

A. Pretrial Services did [X] or did not [ ] interview defendant.

1. If Pretrial Services interviewed defendant, the Pretrial Services Report was oral [ ] or written [X].
2. If the report was written, counsel did [X] or did not [ ] review that report.
3. If counsel reviewed the report, they requested the following edits to the report.

    During his presentation defendant's counsel advised that if released, Puglisi will be able to reside in a residence maintained in New York by his mother, and that a land telephone line has been installed in that residence in order to accommodate the possibility of electronic monitoring.

B. If there was a written Pretrial Services Report, this Order incorporates by reference the facts in that report, to the extent those facts are uncontroverted. If that report was oral, the Court summarized on the record, and incorporates herein, the oral report of the Pretrial Services officer.

## Part IV - Presumption

A. This is [X] or is not [ ] a case in which there arises a rebuttable presumption of

flight [X] and/or danger [X], as described in 18 U.S.C. § 3142(e).[2]

B. If this is a presumption case, the grounds for the presumption(s) are that:

    ____ 1. This is a case described in Part I.B.1.-5.; and the court finds that either:

        ____(a) Defendant has been convicted of a Federal offense that is described above in Part I.B.1.-5., or of a State or Local offense that would have been an offense described above in Part I.B.1.-5. if a circumstance giving rise to Federal jurisdiction had existed; and

        ____(b) The offense described above in Part IV.B.1.(a) was committed while defendant was on release pending trial for a Federal, State or local offense; and

        ____(c) A period of not more than five years has elapsed since the date of conviction, or the release of defendant from imprisonment, for the offense described above in Part IV.B.1.(a), whichever is later;[3] or

    ____2. The court finds there is probable cause to believe that defendant committed:

        ____(a) An offense for which a maximum term of imprisonment of ten years or more is prescribed in one of the three statutes listed above in Part I.B.3.; or

        ____(b) An offense under 18 U.S.C. §§ 924(c), 956(a) or 2332b; or

        ____(c) An offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

        _X_ (d) An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3),

---

[2] The court notes that, even in a presumption case, the Government retains the burden of proof by clear and convincing evidence as to danger, and by a preponderance of the evidence as to flight.

[3] The court notes that, if these three conditions have been met, the presumption that arises is one of danger to the community. 18 U.S.C. § 3142(e)(1)-(3).

2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.[4]

C. If this is a presumption case, the court finds that the presumption of flight was [X] or was not [ ] rebutted, and the presumption of danger was [ ] or was not [X] rebutted. The court reaches this conclusion after carefully considering any "rebuttal" evidence defense counsel proffered during the detention hearing, the entire record of which this order hereby incorporates by reference.

**Part V - Evaluation of Risk of Flights/Danger to the Community**

In addition to considering the presumption issue, the court has weighed the four factors listed in 18 U.S.C. § 3142(g), including:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. The weight of evidence against defendant;

3. The history and characteristics of defendant, including --

    (a) Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (b) whether, at the time of the current offense or arrest, defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or Local law; and

4. The nature and seriousness of the danger to any person or the community that would be posed by defendant's release.

Of particular importance to the court was the following:

> Defendant undeniably faces significant consequences in the event of a conviction on one or more of the counts charged in the pending indictment.

---

[4] The court notes that, if one of these four conditions has been met, the presumptions that arise are both a presumption of danger to the community and presumption of risk of flight. 18 U.S.C. § 3142(e).

Those consequences present a potential motivation for flight. It is noted, however, that despite knowing that he was facing criminal charges the defendant readily made arrangements with law enforcement officials for his peaceful surrender. Given this and defendant's strong ties to the community I find that he has overcome the presumption in favor of detention on the basis of risk of flight.

The paramount concern in this case is the danger which defendant would present, if released, to the community. In connection with the risk of danger, I have considered the nature of the offense charged and that it involves the alleged conduct toward a minor by the defendant, a person of authority and a role model. I have considered the extent to which the defendant went to allegedly perpetuate his relationship with the minor victim and to avoid detection. While there does not appear at present to be any solid evidence that there are other victims involved, the extent to which the plaintiff went to further his alleged elicit relationship with the minor victim in this case suggests that he is a danger to other minors within the community. This is a danger which the court frankly is ill-equipped to manage, even with all of the available conditions of release at its disposal, since regardless of what restrictions are imposed it would be difficult if not impossible to insure against electronic communication, whether in electronic form or otherwise, between the defendant and potential victims. Accordingly, while cognizant of the strong presumption of innocence recognized under our Constitution and the Bail Reform Act, I find by clear and convincing evidence that if released, defendant would present a danger to the community.

Based on the court's careful consideration of these factors, and the remaining factors, it concludes that the Government has established that if released, the defendant would present a risk of flight [ ] and/or a danger to the community [X].

## Part VI - Consideration of Alternative Conditions of Release

Having found that defendant presents a risk of flight and/or danger to the community, the court must determine whether (despite this risk and/or danger) there is any condition or combination of conditions that could reasonably ensure defendant's return to court and/or the safety of the community.[5] The court has carefully considered the alternatives to detention, but, given the findings set forth above, concludes that none of these alternatives are appropriate, or will reasonably ensure defendant's return to court [ ] and/or the safety of the community [X].

## Part VII - Directions Regarding Detention

---

[5] A list of some of the conditions available is set forth in 18 U.S.C. §§ 3142(c)(1)(B)(i)-(xiv).

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 24, 2009

David E. Peebles
U.S. Magistrate Judge