IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

V.

JOHN PUGLISI,

DEFENDANT.

3:09-CR-75
[TJM]

---

## GOVERNMENT'S TRIAL BRIEF AND JURY CHARGE REQUESTS

The United States of America, represented by Assistant U.S. Attorney Miroslav Lovric, respectfully files this trial memorandum and jury charge requests. We respectfully request the opportunity to supplement our requests prior to the trial jury being charged on the law.

## THE INDICTMENT AND THE CRIMINAL CONDUCT

On February 12, 2009, a federal grand jury handed up Indictment 3:09-CR-75 charging defendant Puglisi with three separate offenses.

Defendant has been indicted for:

1) Attempted Production And Production Of Child Pornography, 18 USC 2251(a) (Count 1);

2) Attempted Persuasion/Enticement And Persuasion/Enticement Of A Minor, 18 USC 2422(b) (Count 2);

3) Attempted Possession/Access To View And Possession/Access To View of Child Pornography 18 USC 2252A(a)(5)(B) (Count 3).

Defendant John Puglisi was a high school teacher at Newark Valley High School in Tioga County, New York. He worked at the high school as a teacher for several years prior to his arrest on January 23, 2009. The victim in this case is a sixteen (16) year old high school teenager who attended Newark Valley High School (hereinafter Victim).

Commencing in December of 2008 and continuing through January 23, 2009, defendant Puglisi communicated with the Victim using cellular telephones and to a lesser degree a computer. Defendant Puglisi and the Victim exchanged hundreds of text messages between defendant's cellular telephone and the Victim's cellular telephone. Many of the text messages contained explicit sexual messages where defendant Puglisi and the Victim discussed sexual activities; sexual conduct; planning to engage in sexual activities; discussions about meeting together to engage in sexual activities; and discussions about ways to keep their sexual relationship secret. Puglisi used the cellular telephone texting to persuade, induce and entice the Victim to engage in and to continue to engage in a sexual relationship with him. In numerous text messages, defendant Puglisi also encouraged and requested that the Victim take sexually explicit photographs of herself with her cellular telephone camera and send the images to defendant's cellular telephone. The Victim did use her cellular telephone camera to take numerous photographs of herself in sexual poses while partially unclothed. The Victim then sent the images of herself to defendant Puglisi's cellular telephone via texting. Defendant Puglisi received the images of the Victim in sexual poses and saved the images to his cellular telephone where he viewed them and requested that the Victim send him more images. In some instances, defendant Puglisi also commented in text messages about the sexual nature of the images.

In order to continue communicating with the Victim and to continue their secret sexual

relationship and texting communications, defendant Puglisi purchased three separate cellular telephones that he provided to the Victim between December of 2008 and January 23, 2009. Defendant and the Victim exchanged text messages via all three of the cellular telephones that were given to the Victim by defendant.

Between December of 2008 and January 23, 2009 and while defendant Puglisi and the Victim communicated via texting and the sending of images of the Victim to defendant, defendant Puglisi engaged in sexual intercourse with the Victim on several occasions. Defendant Puglisi brought the Victim to his apartment in Endicott, New York where he engaged in sexual intercourse with the Victim on a number of occasions.

Defendant Puglisi also utilized his computer at his residence to communicate with the Victim; to store images of the Victim; and saved other sexually explicit images.

## JURY CHARGE REQUESTS

### (Conjunctive and Disjunctive)

The Indictment charges certain acts in the conjunctive. The law is written in the disjunctive. The United States is required to prove only one of the ways that the law can be violated. For example, in Count 1, the defendant is charged with knowingly attempting to and employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. There are also other examples of charging in the conjunctive in the Indictment. In order to prove the defendant guilty of a particular offense, the United States does not need to prove that the defendant did all of those things, but only that he did one of those things. In the above example, the United States

would need to prove, beyond a reasonable doubt, that the defendant attempted to employ <u>or</u> use <u>or</u> persuade <u>or</u> induce <u>or</u> entice <u>or</u> coerce, <u>or</u> that defendant did employ <u>or</u> use <u>or</u> persuade <u>or</u> induce <u>or</u> entice <u>or</u> coerce the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

### <u>18 U.S.C. 2251(a) COUNT 1, Attempted Production & Production Of Child Pornography:</u>

Defendant Puglisi is charged in Count 1 of the indictment with attempted production and production of child pornography in violation of Section 2251(a) of Title 18 of the United States Code. Count 1 of the Indictment charges that defendant did knowingly attempt to and did employ, use, persuade, induce, entice, and coerce a minor, whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and said visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in that defendant caused the minor to use a camera on a cellular telephone, which was manufactured outside the State of New York, to photograph herself while engaged in sexually explicit conduct and transmit the images to him using the cellular telephone.

In order for the defendant to be found guilty of Count 1, the government must prove each of the following elements:

**First**, at the time, the Victim was under the age of 18 years; and

**Second**, the defendant attempted to employ or use or persuade or induce or entice or coerce, or defendant did employ or use or persuade or induce or entice or coerce the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct [e.g., a photo or digital image]; and

**Third**,

(i) knowing or having reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce (e.g. cellular telephone or computer) or in or affecting interstate or foreign commerce; OR

(ii) the visual depiction was produced or was transmitted using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means; OR

(iii) the visual depiction was actually transported or was actually transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

The term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2).

The term "producing" is defined in 18 U.S.C. §2256(3).

5

The term "visual depiction" is defined in 18 U.S.C. §2256(5).

Knowledge by defendant of the age of the minor victim is not an element of the offense.

Actual production of the visual depiction is <u>Not</u> required for violation of this statute. The statute merely requires "for the purpose of producing a visual depiction". Therefore, a visual depiction need not have been produced.

### <u>18 U.S.C. 2422(b) COUNT 2, Attempted Persuasion & Persuasion Of A Minor:</u>

Defendant Puglisi is charged in Count 2 of the indictment with knowingly attempting to and with persuading, inducing, enticing or coercing a minor under 18 years of age to engage in sexual activity under such circumstances as would constitute a criminal offense under the New York State Penal Law, all in violation of Section 2422(b) of Title 18 of the United States Code. Count 2 of the Indictment charges that defendant, while using a facility and means of interstate and foreign commerce, which included text messaging, picture messaging, wire communications, and other transmissions by use of cellular telephones and computers, knowingly attempted to and did persuade, induce, entice, and coerce a minor under eighteen (18) years of age, whose identity is known to the grand jury, to engage in sexual activity under such circumstances as would constitute a criminal offense under the New York State Penal Law prohibiting Rape in the Third Degree [NYSPL 130.25(2)], Attempted Rape in the Third Degree [NYSPL 110/130.25(2)], Criminal Sexual Act in the Third Degree [NYSPL 130.40(2)], Sexual Abuse in the Third Degree [NYSPL 130.55(2)] and Endangering the Welfare of a Child [NYSPL 260.10(1)].

In order for the defendant to be found guilty of Count 2, the government must prove each of the following elements:

> **First**, That the defendant used a facility or means of interstate or foreign commerce (e.g. cellular telephone or computer) in an attempt to persuade or induce or entice or coerce, or to persuade or induce or entice or coerce, an individual under the age of 18 to engage in sexual activity; <u>and</u>
>
> **Second,** That the defendant believed that such individual was less than 18 years of age; <u>and</u>
>
> **Third**, That if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of New York State; <u>and</u>
>
> **Fourth,** That the defendant acted knowingly

A telephone is considered a facility or means of interstate commerce.

The Internet or a computer utilizing the internet is considered a facility or means of interstate commerce.

The terms "persuade", " induce," "entice" and "coerce" have plain and ordinary meanings in the statute. <u>United States v. Dhinpra</u>, 371 F.3d 557, 567 (9th Cir. 2004) (The terms 'persuade,' 'induce,' and 'entice' have plain and ordinary meanings within the statute).

The government must prove that the defendant intended to attempt to persuade or induce or entice or coerce, or to persuade or induce or entice or coerce, a minor to engage in sexual activity. The government is Not required to prove that defendant intended to commit the underlying sexual act. See, United States v. Thomas, 410 F.3d 1235, 1244 (10th Cir. 2005) ("Section 2422(b) requires only that the defendant intend to entice a minor, not that the defendant intend to commit the underlying sexual act."); United States v. Bailey, 228 F.3d 637, 638—39 (6th Cir. 2000) ("While it may be rare for there to be a separation between the intent to persuade and the follow—up intent to perform the act after persuasion, they are two clearly separate and different intents and the Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves. Hence, a conviction under the statute only requires a finding that the defendant had an intent to persuade or to attempt to persuade."); United States v. Patten, 397 F.3d 1100 (8th Cir. 2005) ("As the district court's instruction accurately stated, the intent that violates § 2422(b) is the intent to persuade a minor to engage in illegal sexual activity. See United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000) (§ 2422(b) criminalizes 'the attempt to persuade, not the performance of the sexual acts themselves')."); United States v. Murrell, 368 F.3d 1283, 1287 (11th Cir. 2004) ("The underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself."); id. at n.1 (distinguishing Mann Act intent requirement); id. at n.2 (denying requirement that government "prove that Murrell acted with the specific intent to engage in sexual activity with a minor").

The government does Not need to prove that defendant actually persuaded or induced or enticed or coerced an individual under the age of 18 to engage in sexual activity. "Attempt" to do so is sufficient to violate this law.

An actual minor victim is not required to prove an attempt to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity, as charged in Count 2 of the Indictment. The defendant's belief that a minor was involved is sufficient. United States v. Meek, 366 F.3d 705, 717 (9th Cir. 2004) ("We join our sister circuits in concluding that 'an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b).'"); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002) ("[A]n actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b).... [Defendant's] belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422(b)."); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001) (defendant's belief that subject was 14—year—old girl sufficient).

## 18 U.S.C. 2252A(a)(5)(B) COUNT 3 [Possession & Access With Intent To View]:

Defendant Puglisi is charged in Count 3 of the Indictment with having knowingly attempted to and possessed and accessed with intent to view material that contained images of child pornography in violation of Section 2252A(a)(5)(B) of Title 18 of the United States Code. Count 3 charges that defendant knowingly attempted to and possessed and accessed with intent to view material that contained images of child pornography that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting

9

interstate and foreign commerce, and that were produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce, in that, defendant knowingly accessed and viewed images of child pornography using a cellular telephone, and defendant possessed cellular telephones containing images of child pornography, knowing that the material contained a visual depiction, the production of which involved the use of a minor engaged in sexually explicit conduct.

In order for the defendant to be found guilty of Count 3, the government must prove each of the following elements:

**First**,

>(i) defendant knowingly attempted to or possessed material [*e.g.*, cellular telephone <u>or</u> computer] that contained images of child pornography; <u>OR</u>
>
>(ii) defendant accessed with intent to view material that contained images of child pornography;

**Second**, defendant knew that the images were of a minor engaging in sexually explicit conduct; <u>and</u>

**Third,**

>(i) the images had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce;   <u>OR</u>
>
>(ii) the images were produced using materials which had been mailed or shipped or transported in or affecting interstate or foreign commerce;

**Fourth,** the minor depicted in the images was under the age of 18 years.

The term "minor" means any person under the age of eighteen years.

The phrase "child pornography" means any visual depiction of a minor engaging in sexually explicit conduct, where the minor was engaged in the sexually explicit conduct during production of the depiction.

The term "visual depiction" includes any photograph, negative, film, video, picture, undeveloped film, data stored in camera memory, data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2).

The term "producing" is defined in 18 U.S.C. §2256(3).

Dated: July 15, 2009

Respectfully submitted,
Andrew T. Baxter
United States Attorney

By: Miroslav Lovric
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

I hereby certify that on July 15, 2009, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

Miroslav Lovric
Assistant U.S. Attorney