# BRYAN LAW FIRM

*Attorney at Law*

*BRUCE R. BRYAN, ESQ.*
*Member New York*
*and Florida Bar*

*333 East Onondaga Street*
*Syracuse, New York 13202*
*315-476-1800*
*Fax 315-474-0425*

May 13, 2010

Hon. Thomas J. McAvoy
United States Courthouse
15 Henry Street
Binghamton, New York 13901

Re: *United States v. Puglisi*, 09-CR-75-01

Dear Judge McAvoy:

I am writing to inform the Court of recent authority supporting the Defendant's position that the child pornography guidelines are not based on empirical study and have less weight. (Defendant's Sentencing Memorandum, p. 1)

In *United States v. Dorvee*, (Dkt. No. 09-0648-cr) decided on May 11, 2010, the Second Circuit confirmed that the Sentencing Commission "did not use [an] empirical approach in formulating the Guidelines for child pornography." The Court states that § 2G2.2 "is fundamentally different from most [Guidelines] and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553(a) requires." Section 2G2.2 "routinely result[s] in Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases."

The weight to be given a Guideline "in a particular case will depend upon the thoroughness evident in the [agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade...." (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). As with the crack cocaine Guidelines, § 2G2.2 "typically yields a sentence 'greater than necessary' to achieve the goals of § 3553(a)...." Mr. Puglisi asserts that the same is true for the enhancements under § 2G2.1.

Thank you for your consideration of this matter.

Very truly yours,

Bruce R. Bryan